**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

_____

TRISHA GEIST-MILLER,

       Plaintiff,

v.                              **MEMORANDUM OF LAW & ORDER**
                              Civil File No. 05-1177 (MJD/AJB)

SUN PLACE TANNING STUDIOS, INC.,
and RONALD MITCHELL,

       Defendants.
_____

Robert D. Boedigheimer, McCloud & Boedigheimer, Counsel for Plaintiff.

James R. Andreen and Kristy A. Saum, Erstad & Riemer, P.A., Counsel for Defendants.
_____

## I.   INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment.  [Docket No. 10]

## II.   BACKGROUND

In May 2005, Plaintiff Trisha Geist-Miller commenced a lawsuit against Defendants Ronald Mitchell and Sun Place Tanning Studios, Inc., in Olmsted County District Court.  The Complaint alleged Count One: sex discrimination in violation of Title VII and the Minnesota Human Rights Act ("MHRA"); Count Two:

reprisal in violation of Title VII and the MHRA; Count Three: negligent supervision, training, and retention; Count Four: respondeat superior; and Count Five: intentional infliction of emotional distress.  All claims were based on her employment and termination from Sun Place Tanning Studios, Inc.

On June 16, 2006, Defendants removed the case to this Court based on federal question jurisdiction arising from Geist-Miller's Title VII claims.  The case was related to <u>Dabelstein v. Sun Place Tanning Studios</u>, Civil File No. 05-1176, which was dismissed with prejudice on June 15, 2006.

Defendants now move for summary judgment on all claims.  In Geist-Miller's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, she voluntarily dismissed her Title VII; negligent supervision; training and retention; respondent superior; and intentional infliction of emotional distress claims.  (Mem. of Law in Opp'n to Defs.' Motion for Summ. J. at 1.)  The only remaining claims before the Court are Count I, sex discrimination under the MHRA, and Count II, reprisal under the MHRA.

**III.   DISCUSSION**

Defendants removed Geist-Miller's case to this Court based on federal question jurisdiction.  In response to Defendants' motion for summary judgment, Geist-Miller has voluntarily dismissed all of her federal claims and admits that there is no longer federal question jurisdiction.

Defendants request that this Court exercise its supplemental jurisdiction over the remaining state law claims. They argue that the Court has an obligation to determine the entire motion for summary judgment, including the MHRA claims, because the Title VII claims have not yet been dismissed by the Court. Additionally, they assert that the analysis of MHRA claims is the same as analysis of Title VII claims, so it would be efficient for this Court to decide the remaining MHRA claims. Finally, they claim that a remand would not promote judicial economy because it would require the parties to begin again in state court.

"A federal district court has the discretionary power to decline jurisdiction where it has 'dismissed all claims over which it has original jurisdiction.'" Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004) (quoting 28 U.S.C. § 1367(c)(3)). "The Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the

exercise of jurisdiction . . . .

<u>Carnegie-Mellon Univ.</u>, 484 U.S. at 350 (footnote and citations omitted).

Because Geist-Miller has voluntarily dismissed her non-MHRA claims, the Court grants Defendants' Motion for Summary Judgment on those claims. Only state-law claims remain. Remand is generally appropriate when all federal claims are dismissed before trial.

If the Court remands the case at this point in the litigation, it will not have invested substantial resources in the case. The only Court orders in this matter have been scheduling orders, and the related <u>Dabelstein</u> case has already been dismissed. Additionally, remanding to state court will not require the parties to begin again. The record and discovery in this case will follow the parties back to state court, and this Court has made no decision on the merits of the remaining MHRA claims. Finally, there is no indication that Geist-Miller "engaged in any manipulative tactics" in order to regain the state forum. <u>Carnegie-Mellon Univ.</u>, 484 U.S. at 357. Based on these factors, the Court exercises its discretion to remand this matter to state court.

According, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1) Defendants' Motion for Summary Judgment [Docket No. 10] is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a) Based on Plaintiff's voluntary dismissal, the following claims

      are **DISMISSED WITH PREJUDICE**: sex discrimination in violation of Title VII; reprisal in violation of Title VII; negligent supervision, training, and retention; respondeat superior; and intentional infliction of emotional distress.

  b)  Defendants' Motion for Summary Judgment as to the MHRA claims is **DENIED AS MOOT** due to remand of those claims to state court.

2)  This matter is **REMANDED** to the District Court for the Third Judicial District, Olmsted County, Minnesota.

Dated: October 20, 2006        s / Michael J. Davis
                   Judge Michael J. Davis
                   United States District Court